■ QUEENS/SUFFOLK COUNTIES DENTAL SOCIETIES HEALTH FUND, Appellant, v TRUSTMARK INSURANCE COMPANY et al., Respondents. [756 NYS2d 759] —In an action, inter alia, for a judgment declaring that the defendants are required to pay the subject claims pursuant to the extension of liability provision of the parties' contracts, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Golia, J.), dated December 17, 2001, which granted the separate motions of the defendant Trustmark Insurance Company and the defendants RMTS Associates, Inc., and James B. Murphy for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court, entered February 25, 2002, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by adding a provision thereto declaring that the defendants are not required to pay the subject claims pursuant to the extension of liability provision of the parties' contracts; as so modified, the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendants established their entitlement to judgment as a matter of law, thereby shifting the burden to the plaintiff to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). The plaintiff failed to come forward with evidence sufficient to raise a triable issue of fact as to whether it had a viable excuse for failure to pay the required extension of liability premium. Furthermore, the plaintiff failed to come forward with evidence sufficient to raise

a triable issue of fact as to whether the defendants falsely informed the plaintiff that the extension of liability premium was included in the premiums charged for specific and aggregate stop loss coverage (*see Winegrad v New York Univ. Med. Ctr., supra*).

Since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the defendants (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Santucci, J.P., Feuerstein, Smith and Luciano, JJ., concur.